Requestor: Charles E. Drake, Esq., Town Attorney Town of Remsen 1416 Genesee Street Utica, New York 13502
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town welfare officer may also serve as a member of the county legislature.
Section 411 of the County Law provides:
 "No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor."
Since the position of town welfare officer is not elective section 411 does not prohibit the holding of these two positions.
It is also necessary to consider whether the two positions are incompatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Since the individual would serve separate municipalities, we believe that there would be no incompatibility between the two positions. Towns and counties are separate and independent governmental entities. While on rare occasions there may be an overlap of interests, these would be discrete circumstances and can be overcome through recusal by the affected individual.
We conclude that the positions of county legislator and town welfare officer are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.